IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEVEN TURNER,
 *Plaintiff*,

v.

ARCHER WESTERN CONTRATORS,
LLC, et al.
 *Defendants*.

Civil Action No. ELH-17-2228

**MEMORANDUM**

On June 30, 2017, plaintiff Steven Turner filed suit in the Circuit Court for Baltimore City against defendants Archer Western Contractors, LLC ("Archer Western") and Michael Sutton. ECF 2.[1] Defendants removed the case to this Court on August 7, 2017, based on diversity jurisdiction under 28 U.S.C. § 1332. ECF 1; *see also* ECF 25.

In his Complaint, Turner alleges that Archer Western sprayed "hazardous chemicals" onto his motor vehicles, causing the paint to peel. *Id.* at 1.[2] As a result of the spraying, Turner got "hazardous chemical on [his] hands and skin" and also on his face and eyes. *Id.* Further, he claims that the chemicals got into both of his vehicles and that he has "been breathing hazardous chemicals." *Id.* Turner maintains that he has developed physical symptoms as a result of exposure to the chemicals, including breathing problems, throat problems, skin problems, and eye problems. *Id.* Turner seeks $20 million in damages. *Id.*

---

[1] In the Complaint, plaintiff calls the entity defendant "Archer Western Company." ECF 2. But, defendants state that the proper name of the entity is Archer Western Contractors, LLC. ECF 1. I shall use defendants' nomenclature.

[2] Given the procedural posture of the case, I assume the truth of the facts alleged in the Complaint.

The Complaint is accompanied by two "estimate/damage report" documents, prepared by MAACO Collision Repair & Auto Painting. ECF 2-1. Those reports indicate that two vehicles, presumably belonging to plaintiff, sustained a total of nearly $9,000 in damages. *See id.*

Turner has sent numerous submissions to the Court. *See* ECF 11; ECF 12; ECF 15; ECF 18; ECF 19; ECF 20; ECF 22; ECF 24. In most of his letters, Turner repeats the allegations in his Complaint. Furthermore, plaintiff has sent several exhibits to the Court, including photographs and prescription drug boxes. *See* ECF 17. However, because plaintiff did not provide a certificate of service indicating that copies of the exhibits had been served on defendants, I directed the Clerk to return them. *Id.*; ECF 21.

Archer Western answered the Complaint on August 10, 2017. ECF 9. At the same time, Sutton moved to dismiss the case as to him (ECF 8), supported by a memorandum of law (ECF 8-1) (collectively, "Motion"), and an exhibit. ECF 8-2. Sutton urges dismissal, asserting that plaintiff has failed to allege "any facts whatsoever regarding . . . Sutton's involvement in this matter that would give rise to any liability on his part." ECF 8-1 at 3. Turner responded in opposition to the Motion on August 29, 2017. ECF 22 ("Opposition"). He states: "I Steven Turner do not want my case dismiss [sic], I want my case to remain in court Judge Ellen Lipton Hollander for damage done to my health and the damage to my cars." *Id.* In the Opposition, Turner does not mention Sutton. *Id.* Subsequently, Turner supplemented his Opposition. *See* ECF 24. Again, he never mentioned Sutton. *Id.*

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. The Court is mindful of its obligation to construe liberally the pleadings of a pro se litigant, which are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S.

89, 94 (2007); *see also White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Nevertheless, for the reasons that follow, I shall grant the Motion.

## I. Standard of Review

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, ___ U.S. ____, 133 S. Ct. 1709 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a). The purpose of the rule is to assure that a defendant receives "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The rule provides, *id.*:

(a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading

standard for 'all civil actions' . . . ." (citation omitted)); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555.

To be sure, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, ___ U.S. ____, 135 S. Ct. 346, 346 (2014) (per curiam). Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint is insufficient if it provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer"

that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

"When determining whether a complaint fails to comply with Rule 8(a), 'courts have looked to various factors, including the length and complexity of the complaint, whether the complaint was clear enough to enable the defendant to know how to defend himself, and whether the plaintiff was represented by counsel.'" *Rush v. Am. Home Mortg.*, Inc., WMN-07-854, 2009 WL 4728971, at *4 (D. Md. Dec. 3, 2009) (quoting *North Carolina v. McGuirt*, 114 Fed. App'x. 555, 558 (4th Cir. 2004) (per curiam)) (internal citations omitted). A court may properly dismiss a complaint under Rule 12(b)(6) for failure to comport with Rule 8(a) if the complaint "does not permit the defendants to figure out what legally sufficient claim the plaintiffs are making and against whom they are making it." *McGuirt*, 114 Fed. App'x at 559.

## II. Discussion

As indicated, Sutton has moved to dismiss the case on the basis that plaintiff has not alleged that Sutton engaged in any act or omission giving rise to liability. ECF 8-1 at 3. Sutton contends: "Other than the case-caption, the body of the Complaint makes absolutely no mention of Michael Sutton." *Id.* In addition, Sutton points out that the Complaint makes no allegation as to the relationship between Sutton and Archer Western. *Id.*

In the Complaint, Turner has woefully failed to state a claim as to Sutton. Moreover, even if the Court could consider additional facts in the Opposition, or in Turner's other submissions, plaintiff does not even mention Sutton. *See* ECF 11; ECF 12; ECF 15; ECF 16; ECF 18; ECF 19; ECF 20; ECF 22; ECF 24. Because no claims are asserted against Sutton, the case must be dismissed as to him, without prejudice. *See, e.g.*, *Henderson v. Yeager*, JKB-11-901, 2011 WL 6299373, at *1 n.1 (D. Md. Dec. 14, 2011) ("Apart from naming Ginger Yeager

as a defendant, Henderson raises no claims against Yeager. Indeed, she is not mentioned in the body of the complaint. Consequently, Ginger Yeager will be dismissed sua sponte as a defendant in this . . . .").

### III. Conclusion

In view of the foregoing, I shall dismiss the suit against Sutton, without prejudice. The case shall proceed against Archer Western.[3] However, I shall grant plaintiff leave to file an amended complaint as to Sutton, due by October 6, 2017.

An Order follows, consistent with this Memorandum.

Date: September 18, 2017

/s/
Ellen Lipton Hollander
United States District Judge

---

[3] Because Archer Western has answered the suit (ECF 9), the Court will issue a Scheduling Order to govern the litigation.